HOGEBOOM & CAMPFIELD, INC., Claimant, *v.* THE STATE OF NEW YORK, Defendant.

### Claim No. 17696.

Court of Claims, March 12, 1925.

State — claims against State — claim by highway contractor for damages by reason of being denied free use of right of way and site of work by State — roadway over town bridge separating two sections of highway under construction not part of contract — claimant's contract was divided into two parts by reason of removal of bridge necessitating detours for transportation of material and equipment — claimant waived right to plead misunderstanding concerning location of work — State not bound by representations of highway engineer — claim for damages for inability to use bridge disallowed — claim for construction of fill on either side of bridge allowed.

A claim by a highway contractor for damages arising from being denied the use of the right of way over a town bridge and the site of the work by the State of New York should be disallowed, though claimant's work was divided into two parts by reason of the removal of the old bridge over a creek and the erection of a new structure necessitating detours for transportation of material and equipment, since the roadway over the bridge was not a part of claimant's contract and claimant by the terms of its contract with the State waived all right to plead any misunderstanding concerning the actual location of the work and the conditions under which it would be called upon to construct the highway.

The State cannot be held liable to the claimant by reason of any representations made by a division highway engineer from which claimant might infer that the construction of the bridge would be carried on so expeditiously as not to bring about an interference with the laying of the pavement.

However, claimant is entitled to an award against the State for the fair and reasonable compensation arising from its construction of a fill approximating fifty feet on either side of the bridge before it could lay the pavement called for by its contract, since the State was at fault in not having that portion of the highway ready for the pavement when the claimant reached that point in the work.

CLAIM by highway contractor for damages alleged to have resulted from being denied the free use of the right of way and site by the State.

*McClung & Rose,* for the claimant.

*Carl Sherman, Attorney-General* [*James McNeil, Deputy Attorney-General,* of counsel], for the defendant.

ACKERSON, P. J.:

On the 22d day of May, 1923, the above-named claimant, a domestic corporation, executed a contract with the People of the State of New York, through the State Commission of Highways for the reconstruction of the Gouverneur-Edwards, Part One, County Highway No. 1263, located in the county of St. Lawrence. Said contract was approved by the Comptroller on the 8th day of June, 1923, and by the State Commissioner of Highways on the 9th day of June, 1923. The actual work on the road, however, was not commenced by claimant until about August 2, 1923. Claimant completed the work and the same was approved and accepted by the State about November 30, 1923, and on or about January 10, 1924, claimant received its final payment of $12,463.43 and executed its final receipt therefor. This receipt, however, contained a reservation to the effect that claimant reserved the right to file a claim in the Court of Claims for damages to the amount of $2,994.34.

The work called for under the contract consisted generally of the construction of a reinforced concrete pavement three and eighty-three one-hundredths miles in length and sixteen feet in width, to be built one-half section at a time.

On or about the 30th day of January, 1924, the claimant filed its claim herein setting forth that after it had assembled its plant and was ready to begin the performance of its contract, it was denied the free use of the right of way and site of the work by the State. This consisted of being deprived of the use of the Matoon creek bridge which has a span of forty-nine feet and is located between stations 59+66 and 60+15 as shown on the contract plans.

It appears from the evidence that the bridge in place at this point when the claimant executed its contract with the State was torn down by Sullivan Brothers, contractors for the town of Fowler, during the second week in August and between such date and September 20, 1923, said contractors erected a new bridge in its place. During this period the claimant's contract work was divided into two separate parts by Matoon creek and because of the bridge construction claimant could not move from one part to the other across this creek. By reason of this condition claimant contends that it was compelled to pay more for sand and gravel delivered on the site of the contract because of the extra expense in hauling; that this condition also necessitated the adoption of a difficult and unusual method, involving detours for the transportation of its material and equipment, frequent relocation of its machinery, and difficult transportation of its material, far more

expensive than the usual and customary method of performance and as contemplated at the time of the submission of its bid.

The theory upon which the claimant seeks to hold the State responsible for its alleged damages is that the State did not give to claimant the free and unobstructed control and use of the site of the work as described in the contract. There does not seem to be, however, any evidence in the case to sustain this theory. The roadway over this bridge forty-nine feet in length was not a part of the site of the contract work. The contract plans and specifications clearly provided that claimant was to construct the pavement from station O to station 59+66 and stop; then from the easterly side of Matoon creek at station 60+15 on easterly. There was no concrete pavement to be built under the contract from station 59+66 to station 60+15, being the forty-nine feet over the bridge at Matoon creek.

The claimant's contract contained these provisions: " 3. The contractor further agrees that he is fully informed regarding all the conditions affecting the work to be done and labor and materials to be furnished for the completion of this contract, and that his information was secured by personal investigation and research and not from the estimates of the State Commissioner of Highways; and that he will make no claim against the State by reason of estimates, tests or representation of any officer or agent of the State." Also, the proposal part of the contract provided: " The undersigned also hereby declare that he has or they have carefully examined the plans, specifications and form of contract and that he has or they have personally inspected the actual location of the work   *   *   *   have satisfied himself or themselves as to all the quantities and conditions and understand that in signing this proposal he or they waive all right to plead misunderstanding regarding the same."

Claimant is in no position, therefore, to urge the claim which it is making here. The terms of its contract prevent it from so doing. Besides it was aware of the fact that this bridge was to be built some time, it did not know when, by the town of Fowler. Mr. Campfield, claimant's secretary and superintendent, tells us that when the town's contractors commenced to tear down the bridge he proceeded to get an injunction against them to stop them. That then he had a talk with Mr. Hall, the division engineer, and Mr. Wilson, the county engineer, about the matter and thereafter abandoned his injunction proceedings and continued with the work.

It is true that thereafter and after the bridge was constructed the claimant under a distinct and separate agreement from its

36

original contract laid a strip of concrete pavement across this bridge forty-nine feet long and sixteen feet wide for which, in the final estimate under this contract, it was paid by the State. That fact, however, does not alter the situation that confronted this claimant when it executed the contract in question and when it commenced the work under the contract. Then it knew from its own investigation and from the contract plans that the Matoon creek bridge was not within the site of its contract; that it was to be torn down and a new bridge constructed on practically the same site by the town of Fowler during the same period that it was to be engaged in laying the pavement over the road in question. And while the claimant's secretary and superintendent was apparently induced to drop his injunction proceedings against the town's contractors when they were tearing down the old bridge because of representations made to him by the division engineer and county engineer that the construction of the bridge would be carried on so expeditiously as not to interfere with the work of laying the pavement, yet the State can in no way be held liable by reason of any such representations if they were made.

The precise question here at issue has been lately decided by this court in the case of *Hendrickson-McCabe Const. Co.* v. *State of New York* (120 Misc. 818). There a town bridge was to be built between two sections of the highway under construction. Because of the delay of the town in building the bridge the highway contractor was greatly hampered, delayed and damaged in the performance of his contract. But we said then as we say now: "We do not think that the State is liable for the failure of the town to build the bridge across the creek, as alleged by the claimant. The obligation to build a bridge of this span, the bridge being a span of sixteen feet, was by statute placed upon the town. * * *. While it is true that the State was bound to provide a place where the work could be done in a reasonable, orderly and economical manner, this obligation rested upon the State so far as furnishing a suitable place *upon its own right of way.* It was in no way obligated to construct a bridge, or do any other work that by law the town was obligated to do."

The damages, therefore, which the claimant alleges it suffered because it could not use the bridge over Matoon creek cannot be allowed.

It appears, however, that claimant was compelled to make a fill for about fifty feet on each side of the Matoon creek bridge before it could place the pavement there called for by its contract. These two stretches of fifty feet were within the site of its contract. This fill was a part of the work to be done by the town of Fowler

in connection with the construction of the bridge.  In order to avoid a delay of an indefinite period the claimant proceeded and made the fill although the work was not strictly within the terms of its contract.  We think it was justified in so doing.  It was done to mitigate the damage it would otherwise have been caused by a long delay and on that theory permissible.  The State was at fault in not having it ready for the pavement when the claimant reached that point in the work and was ready to construct the pavement up to the line of the bridge.  No damage was suffered by the claimant by reason of this default on the part of the State except what it cost to do the work.  The claimant has proven that fair and reasonable compensation for doing this work was $595.12.  Of this amount it has already received from the State $324, leaving a balance due it from the State of $271.12.

The claimant is entitled to an award, therefore, in its favor and against the State for that amount.

The motion made by the State at the close of the case to dismiss the claim herein and for a nonsuit on the ground that the claimant has not established a cause of action against the State, at which time the court reserved its decision, is hereby denied with an exception to the State.

SMITH, J., concurs.